IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRAULIO PEREZ-TORRES, ) | |
| #14184-265, ) | Civil Action No. 7:05-CV-00365 |
|     Petitioner, ) | Criminal Action No. 6:01-CR-30038 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| UNITED STATES, ) | By: Hon. Norman K. Moon |
|     Respondent. ) | United States District Judge |

Petitioner Braulio Perez-Torres, a Federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Perez-Torres requests re-sentencing on his 2002 federal conviction as a result of the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005) and ineffective assistance of counsel. However, because Perez-Torres's conviction became final almost three years ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). The court sentenced Perez-Torres on June 12, 2002. Perez-Torres's conviction became final ten days after judgment was entered, when Perez-Torres failed to appeal his conviction and sentence to the Court of Appeals for the Fourth Circuit. See Fed. R. App. Pro. 4(b)(1)(A). Therefore, the limitation period on Perez-Torres's claims expired almost two years ago.

It appears that Perez-Torres is attempting to claim that Blakely and Booker are new rules, which are retroactive to cases on collateral review and that as such they restart the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, the court finds that Blakely and Booker do not apply

retroactively to Perez-Torres's case. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004).

Because Perez-Torres's petition is untimely, the court must file and dismiss his petition. In addition, even if his claims were timely, the rule in Blakely and Booker do not apply retroactively to Perez-Torres's case. An appropriate order will be entered this day.

**ENTER**: This ____13th____ day of June, 2005

_____
UNITED STATES DISTRICT JUDGE